affirmed; otherwise it will be reversed and the cause remanded for new trial.

*Judgment accordingly.*

CHITTENDEN and KINKADE, JJ., concur.

---

THE STATE, EX REL. MITTENDORF, *v.* HENSING.

*Schools — Boards of education — Resignation of member — Vacancy filled, how — Section 4748, General Code — Provisions directory, when.*

The provision of Section 4748, General Code, that upon resignation of a member of a board of education such vacancy shall be filled by the board "at its next regular or special meeting" is directory and not mandatory. A vacancy so created may be filled at the same meeting at which a member resigns.

(Decided December 30, 1918.)

IN QUO WARRANTO: Court of Appeals for Hamilton county.

*Mr. H. H. Hosbrook,* for relator.
*Messrs. Fulton & Woost,* for defendant.

BY THE COURT. The relator seeks by proceeding in *quo warranto* to oust the defendant, William Hensing, from office as member of the board of education of Amity special school district No. 9, Hamilton county, Ohio; and prays that he, the relator, be adjudged to be entitled to the office.

The facts as shown by the record are as follows:

At a special meeting of the board held November 30, 1917, Charles W. Mittendorf, relator herein,

a member thereof, whose term would expire January 7, 1918, resigned from the board, and his successor was elected by the remaining four members of the board. Thereafter, and at the same meeting, another member of the board, one Parrish, whose term would expire the first Monday in January, 1920, resigned, and the relator, Mittendorf, was unanimously elected on roll call to fill Parrish's unexpired term. Mittendorf duly qualified. January 7, 1918, the board was reorganized, three persons elected at the previous November election becoming new members of the board. On February 19, 1918, the board, as newly organized, elected the defendant, William Hensing, a member, claiming that the election of Mittendorf on November 30, 1917, was illegal and void, for the reason that he had been elected at the same meeting at which the vacancy occurred, instead of at the next regular or special meeting.

The only question before the court is: Was the election of Mittendorf at the meeting of the board on November 30, 1917, legal, under the provisions of Section 4748, General Code? This question is answered by the construction to be placed upon that section as to the time when an election by a school board to fill a vacancy may be held.

Section 4748 defines methods by which vacancies may be caused, among them, by resignation, as in this case. The section then directs how the vacancy shall be filled, in the following language:

"Any such vacancy shall be filled by the board at its next regular or special meeting, or as soon thereafter as possible, by election for the unexpired term. A majority vote of all the remaining

members of the board may fill any such vacancy."

The relator contends that the provision of the statute providing for the filling of a vacancy "at its next regular or special meeting" is merely directory, and that his election at the same meeting at which the vacancy occurred, caused by the resignation of member Parrish, did not violate the statute; that under the proper construction to be placed upon the statute his election was legal.

Defendant claims that the section is mandatory and that no legal election could be held to fill the vacancy until "its next regular or special meeting."

"The consequential distinction between directory and mandatory statutes is that the violation of the former is attended with no consequences, while a failure to comply with the requirements of the other is productive of serious results." 2 Lewis' Sutherland Statutory Construction (2 ed.), Section 610.

"There is no universal rule by which directory provisions may, under all circumstances, be distinguished from those which are mandatory. Where the provision is in affirmative words, and there are no negative words, and it relates to the time or manner of doing the acts which constitute the chief purpose of the law, or those incidental or subsidiary thereto, by an official person, the provision has been usually treated as directory." 2 Lewis' Sutherland Statutory Construction (2 ed.), Section 611.

"Statutory prescriptions in regard to the time, form, and mode of proceeding by public functionaries are generally directory, as they are not of the essence of the thing to be done, but are

given simply with a view to secure system, uniformity, and dispatch in the conduct of public business." 26 Am. & Eng. Ency. of Law (2 ed.), 689.

Under these rules of construction how then ought the statute under consideration be construed?

To fill the vacancy was the essential thing to be done. This could only be done by the board as then constituted. They might have adjourned the meeting, and immediately thereafter called a special meeting and made the appointment, which would have complied with the strict letter of the statute but would have had in effect the same result as the appointment without the mere formality of an adjournment and the immediate calling of a special meeting. All of the members of the board were present, and all voted for Mittendorf. Only the board could elect. The public could have no voice in the matter. The failure to observe the strict letter of the statute with respect to the time of filling the vacancy was attended with no consequences, and therefore meets the test of a directory statute.

In the first proposition of the syllabus in the case of *In re Chagrin Falls,* 91 Ohio St., 308, the court say:

"The provision of the statute fixing the time for opening and closing the polls at an election is directory and not mandatory."

*Fry* v. *Booth,* 19 Ohio St., 25, is to the same effect.

In the case of *Neal* v. *Burrows,* 34 Ark., 491, the court quotes Judge Cooley, as follows:

"If the act is performed, but not in the time or in the precise mode indicated, it may still be sufficient, if that which is done accomplishes the substantial purposes of the statute."

This rule is supported by an unbroken line of decisions.

That which was done in the case at bar accomplished the substantial purposes of the statute merely by the election of a member to fill the vacancy, although it may not have been performed at the time or in the precise mode intended by statute.  The only thing omitted, however, was the mere formality of adjournment of the board and the reconvening of a special session.

We are of the opinion that under the authorities and the tests required Section 4748, General Code, is directory only, and the election of Mittendorf is therefore legal.

Defendant further urges that the conduct of the board in the election of Mittendorf at its meeting November 30, 1917, was improper, and a conspiracy to thwart the will of the people as expressed at the preceding general election, when Mittendorf was defeated for reelection, and, further, that Mittendorf had been guilty of misconduct as treasurer and clerk of the board.  These questions can not properly be raised in these proceedings, and we make no finding with reference thereto.

Finding that relator, Mittendorf, was legally elected by the board of education at its meeting November 30, 1917, and therefore entitled to the office, it follows that the action of the board in electing Hensing at its meeting February 19, 1918,

was illegal and void, as no vacancy existed at that time.

Judgment of ouster may be taken against the defendant, Hensing, as prayed for.

*Judgment of ouster allowed.*

JONES, P. J., HAMILTON and SHOHL, JJ., concur.